COPY

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates, LLC
3  6404 Merlin Drive
   Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
7  1100 Summer Street
   Stamford, CT 06905
8  Telephone: (203) 653-2250
   Facsimile: (203) 653-3424
9
10 Attorneys for Plaintiff,
   David Fellah
11

12

13              UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA
15                    WESTERN DIVISION
16

17 David Fellah,                     Case No. CV13-00008-SH
18
19           Plaintiff,              **COMPLAINT FOR DAMAGES**
                                     **1. VIOLATION OF FAIR DEBT**
20    vs.                            **COLLECTION PRACTICES ACT,**
                                     **15 U.S.C. § 1692 ET. SEQ;**
21 Witkin & Neal, Inc.; and DOES 1-10, **2. VIOLATION OF FAIR DEBT**
22 inclusive,                        **COLLECTION PRATICES ACT,**
                                     **CAL.CIV.CODE § 1788 ET. SEQ.**
23           Defendants.
24                                   **JURY TRIAL DEMANDED**
25
26
27
28
                                     COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, David Fellah, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.    The Plaintiff, David Fellah (hereafter "Plaintiff"), is an adult individual residing in Tarzana, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant, Witkin & Neal, Inc. ("Witkin"), is a California business entity with an address of 5805 Sepulveda Boulevard # 670, Van Nuys, California 91411-2522, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Witkin and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Witkin at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.    The Debt

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $6,903.90 (the "Debt") to Tarzana Courts Homeowners Association (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was assigned or transferred to Witkin for collection, or Witkin was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.    Witkin Engages in Harassment and Abusive Tactics

12.     Plaintiff was in arrears on his homeowners association dues with the Creditor. In July of 2012, Plaintiff entered into a payment agreement with Creditor

(the "Agreement"). The Agreement called for Plaintiff to immediately pay the sum of $2,500.00, and thereafter make $500.00 monthly payments commencing the first day of each month for five consecutive months. In addition, the Agreement called for Plaintiff to timely pay all on-going fees and charges assessed by the Creditor.

13. In accordance with the terms of the Agreement, Plaintiff made his initial payment of $2,500.00 on a timely basis.

14. Following the initial payment, Plaintiff received a letter from Creditor dated July 26, 2012, confirming the receipt of Plaintiff's first payment and stating that Plaintiff's first installment payment of $500 was due September 1, 2012.

15. On August 1, 2012, Plaintiff a payment of $500.00.

16. Plaintiff thereafter received a letter from Witkin dated August 15, 2012, advising Plaintiff that a Notice of Delinquent Assessment had been recorded against Plaintiff's property due to non-payment of the Debt.

17. On August 22, Witkin sent Plaintiff a second letter to Plaintiff. In this letter, Witkin advised Plaintiff that it was rejecting his payment of $500.00 because it was only a "partial payment." Witkin enclosed Plaintiff's check with the letter.

18. The following month, Plaintiff made a timely payment of $500.00, and in addition paid the on-going fees in the amount of $425.00 in accordance with the Agreement.

COMPLAINT FOR DAMAGES

19.     Thereafter, Witkin again returned the payments to Plaintiff in a letter dated September 12, 2012, advising him that his payments were rejected.

20.     In a letter to Plaintiff dated May 17, 2012, Witkin demanded that Plaintiff pay the Debt by May 27, 2012, overshadowing Plaintiff's right to dispute the Debt as provided under law.

21.     In several communications, Witkin often times changed the total amount owing on the Debt, causing confusion and frustration for Plaintiff.

C.      **Plaintiff Suffered Actual Damages**

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

28.     The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

29.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

30.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

31.     The Defendants overshadowed Plaintiff's right to dispute the debt within thirty days by demanding payment of the Debt within the thirty day period, in violation of 15 U.S.C. § 1692g.

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

COMPLAINT FOR DAMAGES

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

34.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.    The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

36.    Witkin & Neal, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

37.    The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

38.    The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

39.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

---

7                                    COMPLAINT FOR DAMAGES

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

COMPLAINT FOR DAMAGES

1

DATED:  December 13, 2012          TAMMY HUSSIN

2

3

4

By:_____

5

Tammy Hussin, Esq.

6

Lemberg & Associates, LLC
Attorney for Plaintiff, David Fellah

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

Tammy Hussin
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Fellah<br><br>PLAINTIFF(S)<br>v.<br><br>Witkin & Neal, Inc.; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-00008-SH<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):   Witkin & Neal, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Tammy Hussin, of counsel Lemberg & Associates, whose address is 6404 Merlin Drive, Carlsbad, CA 92011.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JAN - 2 2013__

By: _____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*